IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01107-WYD-MJW

MELVEN LIPS and
JULIEN LIPS,

Plaintiffs,

v.

DETECTIVE CESAR MADRIGAL, in his individual and official capacities;
SERGEANT STEVE CROUSHORE, in his individual and official capacities; and
DETECTIVE JOSEPH POLLACK, in his individual and official capacities,

Defendants.

## ORDER ON
## DEFENDANTS' RENEWED MOTION TO COMPEL (Docket No. 28)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 6)

issued by Judge Wiley Y. Daniel on April 30, 2012.

Now before the court is the Defendants' Renewed Motion to Compel (Docket No.

28). The court has carefully considered the subject motion (Docket Nos. 28 & 41-1),

plaintiff's response (Docket No. 34), and defendants' reply (Docket Nos. 41-3). In

addition, the court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law. The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

The issue before the court involves the deposition of plaintiff Julien Lips

(hereinafter "Lips"), which took place on April 11, 2013, and Lips' refusal to answer

2

more than 200 questions by invoking his Fifth Amendment privilege during said

deposition.  Defendants argue that many questions asked of Lips raised no real criminal

implications, and therefore Lips improperly invoked his Fifth Amendment privilege.

Defendants seek an order compelling Lips to answer the questions that were asked of

him.  In response, Lips argues that he was justified in invoking his Fifth Amendment

privilege based upon Officer Tangeman's deposition testimony that he was conducting a

"death investigation," and his counsel's refusal to provide any kind of assurances that

the criminal investigation into Lips was closed.

A deponent may invoke his Fifth Amendment privilege against self-incrimination

during a deposition "where the answers might incriminate him in future criminal

proceedings." Allen v. Illinois, 478 U.S. 364, 368 (1986) (citations and internal quotation

marks omitted); see also Lefkowitz v. Turley, 414 U.S. 70, 77 (1973) (explaining that the

Fifth Amendment permits an individual "not to answer official questions put to him in any

other proceeding, civil or criminal, formal or informal, where the answer might

incriminate him" ); Pillsbury Co. v. Conboy, 459 U.S. 248, 263-64 (1983) ("We hold that

a deponent's civil testimony, closely tracking his prior immunized testimony, is not,

without duly authorized assurance of immunity at the time, immunized testimony within

the meaning of § 6002, and therefore may not be compelled over a valid assertion of his

Fifth Amendment privilege.").

"The protection against self-incrimination afforded by the Fifth Amendment

should be liberally construed."  United States v. Jackson, 334 F. App'x. 900, 905 (10th

Cir. 2009).  "Not much is required, therefore, to show an individual faces some authentic

danger of self-incrimination, as the privilege extends to admissions that may only tend

to incriminate." United States v. Jackson, 334 F. App'x 900, 905 (10th Cir. 2009)

(quoting United States v. Rivas-Macias, 537 F.3d 1271, 1278 (10th Cir. 2008), cert.

denied, 173 L. Ed. 2d 628 (2009)).  "[W]e will uphold an individual's invocation of the

[Fifth Amendment] privilege against self-incrimination unless it is perfectly clear, from a

careful consideration of all the circumstances in this case, that the witness is mistaken

and his answers could not possibly have a tendency to incriminate."  Id. at 905-06.

Under the above standards, the court finds, given Officer Tangeman's deposition

testimony that he was conducting a "death investigation," and his counsel's refusal to

provide any kind of assurances that the criminal investigation into Lips was closed, that

Lips has met his initial burden of showing that he properly invoked his Fifth Amendment

privilege.  Since defendants have not provided a complete list of questions they seek to

ask, with an argument as to how each question could not possibly have a tendency to

incriminate Lips, the court must find that subject motion should be denied.


**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Renewed Motion to Compel (Docket No. 28) is

**DENIED**.


Date:  February 26, 2014          s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge